UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. PFEIFER, | ) | 1:05CV1042 |
| | ) | |
| Petitioner | ) | JUDGE LESLEY WELLS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| JULIUS WILSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner David Pfeifer ("Pfeifer") has filed a petition pro se for a writ of habeas corpus regarding his 2003 felony convictions for drug trafficking and engaging in a pattern of corrupt activity in the Crawford County, Ohio, Court of Common Pleas. (Doc. 1.) Pfeifer raises two grounds for relief in his petition:

> 1. Petitioner's conviction for engaging in a pattern of corrupt activity is not supported by sufficient evidence as required by due process and equal protection of the law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 2. Petitioner was denied due process of law and equal protection of the law when the trial court sentenced him to more than the minimum sentence without making the required findings on the record as mandated by Ohio sentencing statute, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. 1, at §§ 12.A-12.B.)

I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> In January of 2002, an undercover police officer approached Pfeifer under the pretext of purchasing marijuana. Pfeifer sold the undercover officer marijuana, and either sold or offered to sell marijuana to the undercover officer on two other separate occasions. The undercover officer testified that there was a juvenile within 100 feet of each of the three transactions involving marijuana. Pfeifer also twice sold cocaine to the undercover officer, once in April 2002 and once in May 2002. The undercover officer testified that the April 2002 transaction was within 1000 feet of a school.
>
> Pfeifer was convicted by a jury on three counts of trafficking in marijuana in the vicinity of a juvenile in violation of R.C. 2925.03(C)(3)(b), two counts of trafficking in cocaine in violation of R.C. 2925.03(C)(4), and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32. The jury returned a verdict of not guilty on the enhancement charge that the cocaine sale in April of 2002 was within 1000 feet of a school.
>
> Pfeifer was sentenced to twelve months of incarceration on each violation of trafficking in marijuana, ten months of incarceration on the first count of trafficking in cocaine, twelve months of incarceration on the second count of trafficking in cocaine, and six years of incarceration on the count of engaging in a pattern of corrupt activity. The trial court ordered Pfeifer to serve all of his sentences concurrently.

(Doc. 9, RX 7, at 2-3; State v. Pfeifer, No. 3-03-19, 2003 WL 22992939, at *1 (Ohio Ct. App. Dec. 22, 2003).)

Pfeifer, through his appellate counsel, raised three assignments of error on his direct appeal:

> 1.  The trial court erred in convicting this defendant of the count of engaging in corrupt activity, as there was no evidence that the defendant participated with another in an "Enterprise."
>
> 2.  The trial court erred in permitting the defendant to be convicted of the enhancement or specification that a juvenile was present at the time of the sale of drugs.

>3. The trial court erred in permitting the finding that the defendant was within 1000 feet of a school at the time of the sale of the drugs.

(Doc. 9, RX 5.)

On Dec. 22, 2003, the Ohio Court of Appeals affirmed Pfeifer's convictions. (Doc. 9, RX 7; State v. Pfeifer, No. 3-03-19, 2003 WL 22992939 (Ohio Ct. App. Dec. 22, 2003).)

Pfeifer filed a timely appeal to the Ohio Supreme Court, based on the following propositions of law:

>1. The trial court erred in convicting this defendant of the count of engaging in corrupt activity as there was no evidence that the defendant participated with another in an enterprise.
>
>2. The trial court erred in permitting the defendant to be convicted of the enhancement or specification that a juvenile was present at the time of the sale of drugs.
>
>3. When the evidence used to convict appellant of engaging in a pattern of corrupt activity is insufficient as a matter of law, and the court of appeals fails to reverse, the appellant is denied due process of law in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. 9, RX 8.) The Ohio Supreme Court denied Pfeifer leave to appeal and dismissed his appeal on April 28, 2004. (Doc. 9, RX 10; State v. Pfeifer, 102 Ohio St.3d 1424, 807 N.E.2d 368 (2004).)

Pfeifer also filed a Rule 26(B) application to reopen his direct appeal, on March 18, 2004. The application was based on four assignments of error:

>1. Appellant was denied effective assistance of appellant counsel, when counsel failed to properly argue the engaging of a pattern of corrupt activity in this court, denying appellant his right to due process as guaranteed by Article One Section Ten and Sixteen of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

2. Appellant was denied effective assistance of trial counsel by trial counsel's failure to object to the scientific results of the marijuana and cocaine which was admitted into evidence without the expert testifying in person, making the scientific results hearsay.  This prejudiced the appellant's defense, and denied the appellant the right to a fair trial in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. The imposition of less than the minimum sentence is against the manifest weight of the evidence and contrary to the law.

4. Appellant was denied his Sixth Amendment right to effective assistance when trial counsel failed to object and correct the inaccuracies in pre-sentence investigation report prior to sentencing, denying appellant his right to due process violating his Sixth, and Fourteenth Amendments as guaranteed by the United States Constitution.

(Doc. 9, RX 11.)

The application to reopen was denied on April 7, 2004.  (Doc. 9, RX 13.) Pfeifer again appealed to the Ohio Supreme Court, which upheld the denial on July 14, 2004.  (Doc. 9, RX 17; State v. Pfeifer, 102 Ohio St.3d 1534, 811 N.E.2d 1152 (2004).)

Pfeifer filed this federal petition for a writ of habeas corpus pro se on Apr. 25, 2005.  (Doc. 1.)  The respondent filed an answer and return of writ on Aug. 12, 2005. (Doc. 9.)  The petitioner was granted an extension of time to do so, but has not filed a traverse.  (Doc. 10-11.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in <u>Williams v. Taylor</u>, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2002).  See also <u>Lorraine v. Coyle</u>, 291 F.3d 416, 421-422 (6th Cir. 2002), <u>cert. denied</u>, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  <u>Williams</u>, 529 U.S. at 405.  <u>See also</u> <u>Price v. Vincent</u>, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  <u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.

Pfeifer has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The respondent argues, at some length, that any claim for ineffective assistance of appellate counsel has been procedurally defaulted. (Doc. 9, at 8-13.) However, the petition is not based on a claim of ineffective assistance of appellate counsel. See generally doc. 1, petition, at §§ 12.A.-12.B.; doc. 9, at 7-8. This argument is moot.

### IV. SUFFICIENCY OF THE EVIDENCE

The first ground of the petition is that Pfeifer's "conviction for engaging in a pattern of corrupt activity is not supported by sufficient evidence as required by due process and equal protection of the law." (Doc. 1, at § 12.A.) On direct appeal, Pfeifer argued that his conviction on the count of engaging in corrupt activity was faulty, because "there was no evidence that the defendant participated with another in an 'Enterprise.'" (Doc. 9, RX 5, at 5-6.)

The appellate court rejected his argument, as follows:

An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

In the first assignment of error, Pfeifer claims that the evidence was insufficient to prove he was involved in an enterprise. R.C. 2923.32(A)(1) prohibits the conducting of, "the affairs of [an] enterprise through a pattern of corrupt activity." An enterprise is defined by R.C. 2923.31 as, "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." In interpreting this statute, this court has ruled that while an individual can be associated as part of an enterprise, an individual acting alone cannot constitute an enterprise.

In the case herein, Pfeifer maintains that he grew all of the marijuana he sold to the undercover officer himself. He suggests that the evidence only shows that he acted alone and is insufficient to support a finding that he was part of an enterprise. We agree with Pfeifer's proposition, and, if this was all that the evidence had shown, then a conviction under R.C. 2923.32(A)(1) would have been improper. However, Pfeifer testified at trial that he had traded some of his marijuana to another person in order to obtain the cocaine he sold to the undercover officer. Further, the undercover officer testified that Pfeifer told him that he occasionally got commercial grade marijuana from Mexico, and that Pfeifer's drug dealing business was going so well that he had eight or nine paychecks that he had never cashed.

Viewing this evidence in a light most favorable to the prosecution, we find that there was sufficient evidence from which the jury could have inferred that Pfeifer was involved in an enterprise. Therefore, we overrule the first assignment of error.

(Doc. 9, RX 7, at 4-5; Pfeifer, 2003 WL 22992939, at *2 (footnotes omitted).)  The state court did not explicitly rely on federal case law, but based its ruling on Ohio law.  However, the court relied on State v. Jenks, 61 Ohio St.3d 259, 260, 574

N.E.2d 492, 494 (1991) (syllabus, ¶ 2), which followed the sufficiency of evidence standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  (RX 7, at 4 n.1; Pfeifer, 2003 WL 22992939, at *2 n.1.)

Thus, the issue is whether the state court decision was an "unreasonable application" of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Pfiefer's case.  Williams, 529 U.S. at 410-12.

Under Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).  As quoted above, this was the standard applied by the state appellate court.  (RX 7, at 4; Pfeifer, 2003 WL 22992939, at *2.)

A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting Jackson, 443 U.S. at 324 n.16).  Thus, the federal court must look to state law to determine the elements of the crime.  Cameron v. Birkett, 348 F.Supp.2d 825, 838-839 (E.D. Mich. 2004) (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), cert. denied, 528 U.S. 1170 (2000)).

In the sixth count of the indictment, Pfeifer was charged with engaging in a pattern of corrupt activity, under Ohio Rev. Code § 2923.32, specifically, "through a pattern of corrupt activity acquire or maintain, directly or indirectly an interest in, or control of an enterprise." (Doc. 9, RX 2, indictment, at 2.) Pfeifer contends that there was no evidence that he participated with another in an "enterprise."

As defined by the Ohio statute, a "pattern of corrupt activity" means:

> two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.

Ohio Rev. Code § 2923.31(E). See generally Baldwin's Ohio Prac. Criminal Law § 111:4. At least one of the incidents must constitute a felony. Id.

An "enterprise" is defined as follows:

> any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity, or any organization, association or group of persons associated in fact although not a legal entity.

Ohio Rev. Code § 2923.31(C).

In State v. Agner, 135 Ohio App.3d 286, 733 N.E.2d 676 (Ohio Ct. App. 1999), the defendant was indicted on charges of three counts of trafficking in cocaine, and one count of engaging in a pattern of corrupt activity. The court of appeals reversed the conviction on the charge of engaging in a pattern of corrupt activity, because it found the evidence was insufficient to demonstrate an "enterprise." Agner, 135 Ohio App.3d at 291, 733 N.E.2d at 679. The court found it significant that "the crime of engaging in a pattern of corrupt activity requires that the offender be employed by or associated with . . . an entity," but "the evidence in this case fails to

show that appellant was associated with any entity other than himself." Id. See generally Benard v. Hoff, 727 F.Supp. 211, 214 (D. Md. 1989) (under federal RICO, defendant and enterprise cannot be one and same).

In State v. Burkitt, the court pointed out that "a collection of [isolated] drug sales alone will not make a 'pattern' under the corrupt activity statute." State v. Burkitt, 89 Ohio App.3d 214, 221, 624 N.E.2d 210, 215 (Ohio Ct. App. 1993). The statute also requires that these activities must be "related to the affairs of the same enterprise." Id.

"The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." State v. Wilson, 113 Ohio App.3d 737, 742, 682 N.E.2d 5, 8 (Ohio Ct. App. 1996). The existence of an "enterprise" is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." Id.

In State v. Humphrey, for example, the state's evidence demonstrated the existence of an "enterprise" by showing that "a group of persons . . . associated together for the common purpose of engaging in a course of criminal conduct by distributing cocaine." State v. Humphrey, No. 2002-CA-30, 2003 WL 21487780, at *6 (Ohio Ct. App. June 27, 2003). Further, it was "an ongoing organization or entity whose members functioned as a continuing unit." Id.

Here, regarding the element of the existence of an "enterprise," the state court of appeals pointed to two bits of evidence: (1) "Pfeifer testified at trial that he had traded some of his marijuana to another person in order to obtain the cocaine

he sold to the undercover officer," and (2) Pfeifer told the undercover officer "that he occasionally got commercial grade marijuana from Mexico." (RX 7, at 5; Pfeifer, 2003 WL 22992939, at *2.)

The first shows the involvement of "another person" in Pfeifer's procurement of cocaine to sell to the undercover officer. However, it does not demonstrate an ongoing course of criminal conduct by a group which functioned as a continuing unit. See, e.g., Humphrey, 2003 WL 21487780, at *6; Agner, 135 Ohio App.3d at 291, 733 N.E.2d at 679; Wilson, 113 Ohio App.3d at 742, 682 N.E.2d at 8.

Pfeifer asserts that "no evidence was introduced at trial that would establish an agreement or overall objective to commit a series of offenses." (Doc. 1, memorandum in support, at 2.) The respondent does not point to any record evidence regarding an ongoing course of criminal conduct by a group which functioned as a continuing unit. See generally doc. 9, at 20-21.

Pfiefer's second statement that "he occasionally got commercial grade marijuana from Mexico" does not establish when, where, how often, or, most importantly, from whom he got the Mexican marijuana. (For example, did Pfeifer travel to Mexico alone to buy marijuana, "occasionally," or was he regularly supplied in Ohio by the same group or individual, on a weekly basis?) See generally Burkitt, 89 Ohio App.3d at 221, 624 N.E.2d at 215 (isolated drug sales alone insufficient). Again, the evidence does not demonstrate an ongoing course of criminal conduct by a group which functioned as a continuing unit.

Even viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the essential element of an ongoing

"enterprise" was established beyond a reasonable doubt.  See Jackson, 443 U.S. at 319.

## V.  SENTENCING VIOLATION

The second ground of the petition is that Pfiefer "was denied due process of law and equal protection of the law when the trial court sentenced him to more than the minimum sentence without making the required findings on the record as mandated by Ohio sentencing statute."  (Doc. 1, at § 12.B.)  Pfeifer argues that the trial court misapplied Ohio Rev. Code § 2929.14.  (Doc. 1, memorandum in support, at 7.)  This claim was not raised in Pfeifer's direct appeal.  (Doc. 9, RX 5.)

Pfeifer asserts that he presented this claim in his Rule 26(B) application to reopen his appeal.  (Doc. 1, memorandum in support, at 5.)  There, Pfeifer contended that the trial court misapplied Ohio Rev. Code § 2929.14.  (Doc. 9, RX 11, at 7-9.)  Although the appellate court rejected his claims in a summary opinion, RX 13, Ohio law is clear that the only issues properly raised in a Rule 26(B) motion are limited to those alleging ineffective assistance of appellate counsel.  See, e.g., State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029, 2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005).

However, his habeas petition presents the claim as error by the state trial court, not as ineffective assistance of appellate counsel.  As noted earlier, this claim was not raised in Pfeifer's direct appeal, thus it has been procedurally defaulted.

A.  Procedural default

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Because the sentencing claim was not raised in his direct appeal, it would be barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus). Res judicata bars Pfeifer from litigating an issue that was raised or could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was

actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Pfeifer has not shown cause, nor has he shown that a failure to consider the claims would result in a "fundamental miscarriage of justice." Id. at 750. Therefore, his second claim has been procedurally defaulted.

### B.  Improper sentencing under state law

In any event, even if he had properly exhausted the claim in the state courts, habeas relief would not be not available on the grounds he raises. Until recently[1], Ohio state law interpreting Ohio Rev. Code § 2929.14(B) was unsettled in the wake of "sentencing enhancement" cases such as Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). See, e.g., State v. Le, No. 84429, 2005 WL 488378, at *4 (Ohio Ct. App. Mar. 3, 2005) (citing cases); State v. Combs, No. CA2000-03-047, 2005 WL 941133, at *9 n.1 (Ohio Ct. App. Apr. 25, 2005) (citing cases). However, the petitioner rests his argument on an alleged misapplication of the Ohio statute.[2] See generally doc. 1, memorandum in support,

---

[1] The Ohio Supreme Court recently clarified the interpretation of Ohio Rev. Code § 2929.14 in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). The Foster case was not decided until Feb. 27, 2006, while the appellate court decision under review here was entered on Dec. 22, 2003. RX 7; Pfeifer, 2003 WL 22992939.

[2] In a second, supplementary memorandum in support, Pfeifer again argues that the trial court misapplied Ohio Rev. Code § 2929.14. (Doc. 1, supplementary memorandum, at 14-18.) However, he later raises Blakely v. Washington, but in the context of ineffective assistance of counsel, arguing that "appellate counsel's failure to address the sentencing issue was deficient." Id. at 21-22. He did not raise

at 6-12.  Likewise, his argument in his application for reopening was made on the same basis.  RX 11, at 7-9.

A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003).  Federal habeas relief is not available for a claimed error of state law.  Lewis, 497 U.S. at 780; Howard, 2003 WL 22146139, at *2.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied in part, and granted in part.  Pfeifer's second claim is procedurally defaulted because the claim was not raised in his direct appeal.

As to the first ground, concerning the sufficiency of the evidence supporting his conviction, Pfeifer has demonstrated that the state court decision was an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307 (1979).  Pfeifer's conviction for engaging in a pattern of corrupt activity should be vacated.

---

this argument in the state courts, thus it is procedurally defaulted.

## RECOMMENDATION

It is recommended that the petition be denied in part, and granted in part.

Dated:  July 28, 2006                              /s/ Kenneth S. McHargh
                                                              Kenneth S. McHargh
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).