IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| DAVID E. PFEIFER, : | CASE NO. 1:05 CV 01042 |
| : | |
| Petitioner, : | |
| : | MEMORANDUM OF OPINION AND |
| -vs- : | ORDER ADOPTING, IN PART, |
| : | REPORT AND RECOMMENDATION |
| JULIUS WILSON, Warden, : | AND DENYING HABEAS PETITION IN |
| : | ITS ENTIRETY |
| Respondent. : | |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 25 April 2005, David E. Pfeifer filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). The Respondent filed an answer on 12 August 2005 (Doc. 9), and Mr. Pfeifer was granted an extension to file a traverse (Doc. 11), but no traverse was ever filed with the Court. On 28 July 2006, United States Magistrate Judge Kenneth S. McHargh recommended the petition be granted as to Petitioner's first ground for relief and denied as to his second ground for relief. (Doc. 12). Respondent filed a timely objection to the Report and

---

[1] As amended, 28 U.S.C. § 2254(d) provides:
   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Recommendation ("R&R") (Doc. 13) and Petitioner filed a reply to the Respondent's objection (Doc. 16).  In addition, counsel appearing on behalf of Mr. Pfeifer filed a notice of appearance and citation of new authority on 6 February 2008.  (Doc. 17).

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary.  See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e).  For the following reasons, the Court adopts, in part, the report and recommendation of the Magistrate Judge and denies, in its entirety, Mr. Pfeifer's habeas petition.

**I. Background**

In his habeas petition, Mr. Pfeifer raises two grounds for relief:

> 1.  Petitioner's conviction for engaging in a pattern of corrupt activity is not supported by sufficient evidence as required by due process and equal protection of the law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 2.  Petitioner was denied due process of law and equal protection of the law when the trial court sentenced him to more than the minimum sentence without making the required findings on the record as mandated by Ohio sentencing statute, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. 1).

The R&R recommends granting the Petitioner's first ground for habeas relief upon the basis that Mr. Pfeifer demonstrated that the state court decision finding a "pattern of corrupt activity" was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States in Jackson v. Virginia, 443 U.S. 307 (1979).  The R&R, further, recommends denying Mr. Pfeifer's second ground for habeas relief as procedurally defaulted.

2

The Respondent has filed objections to the Magistrate Judge's recommendation as to ground one of Mr. Pfeifer's habeas petition. Neither party has challenged the Magistrate Judge's recommendation regarding ground two of the habeas petition.

Accordingly, the Court reasonably assumes both the Respondent and the Petitioner are satisfied with the results recommended for ground two of the habeas petition. Any further review of ground two by this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Without further review, the Court will adopt the Magistrate Judge's R&R as to ground two of Mr. Pfeifer's habeas petition. The Court will now consider the Petitioner's remaining ground for habeas relief regarding the sufficiency of the evidence for a finding of a "pattern of corrupt activity".

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1). In reviewing the objected to record de novo, the Magistrate Judge's Report and Recommendation ("R&R), the Respondent's objection, and the Petitioner's reply, the Court looks to the state appellate court's findings of fact. See Sumner v. Mata, 449 U.S. 539, 546-47, 101 S. Ct. 764, 66 L. Ed.2d 722 (1981) (finding a presumption of correctness applies to the factual findings of a state appellate court based on the state trial record).

As noted in the R&R, the state appellate court overruled the Petitioner's sufficiency argument, finding "sufficient evidence from which the jury could have inferred that [Mr.] Pfeifer was involved in an enterprise," as follows:

3

In January of 2002, an undercover police officer approached Pfeifer under the pretext of purchasing marijuana.  Pfeifer sold the undercover officer marijuana, and either sold or offered to sell marijuana to the undercover officer on two other separate occasions.  The undercover officer testified that there was a juvenile within 100 feet of each of the three transactions involving marijuana.  Pfeifer also twice sold cocaine to the undercover officer, once in April 2002 and once in May 2002.  The undercover officer testified that the April 2002 transaction was within 1000 feet of a school.

Pfeifer was convicted by a jury on three counts of trafficking in marijuana in the vicinity of a juvenile in violation of R.C. 2925.03(C)(3)(b), two counts of trafficking in cocaine in violation of R.C. 2925.03(C)(4), and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32.  The jury returned a verdict of not guilty on the enhancement charge that the cocaine sale in April of 2002 was within 1000 feet of a school.

Pfeifer was sentenced to twelve months of incarceration on each violation of trafficking in marijuana, ten months of incarceration on the first count of trafficking in cocaine, twelve months of incarceration on the second count of trafficking in cocaine, and six years of incarceration on the count of engaging in a pattern of corrupt activity.  The trial court ordered Pfeifer to serve all of his sentences concurrently.  From this judgment Pfeifer appeals presenting the following assignments of error for our review.

Assignment of Error I

> The trial court erred in convicting this defendant of the count of engaging in corrupt activity, as there was no evidence that the defendant participated with another in an "Enterprise".

Assignment of Error II

> The trial court erred in permitting the defendant to be convicted of the enhancement or specification that a juvenile was present at the time of the sale of drugs.

In the first and second assignments of error, Pfeifer claims that his conviction was not supported by sufficient evidence.  In the first assignment of error, he maintains that there was insufficient evidence to prove he was involved in an enterprise.  In his second assignment of error, Pfeifer asserts that the evidence was insufficient to prove he had sold marijuana in the vicinity of juveniles.  Because both of these assignments of error deal with the sufficiency of the evidence we will consider them together.

An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

4

> doubt. [citing State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus].
>
> In the first assignment of error, Pfeifer claims that the evidence was insufficient to prove he was involved in an enterprise. R.C. 2923.32(A)(1) prohibits the conducting of, "the affairs of [an] enterprise through a pattern of corrupt activity." An enterprise is defined by R.C. 2923.31 as, "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." In interpreting this statute, this court has ruled that while an individual can be associated as part of an enterprise, an individual acting alone cannot constitute an enterprise. [citing State v. Agner, 135 Ohio App.3d 286, 291, 733 N.E.2d 676 (1999)].
>
> In the case herein, Pfeifer maintains that he grew all of the marijuana he sold to the undercover officer himself. He suggests that the evidence only shows that he acted alone and is insufficient to support a finding that he was part of an enterprise. We agree with Pfeifer's proposition, and, if this was all that the evidence had shown, then a conviction under R.C. 2923.32(A)(1) would have been improper. However, Pfeifer testified at trial that he had traded some of his marijuana to another person in order to obtain the cocaine he sold to the undercover officer. Further, the undercover officer testified that Pfeifer told him that he occasionally got commercial grade marijuana from Mexico, and that Pfeifer's drug dealing business was going so well that he had eight or nine paychecks that he had never cashed.

State v. Pfeifer 2003 WL 22992939 (Ohio App. 3 Dist.,2003), pp. *1-*2.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996. The United States Supreme Court has held that the provisions of the AEDPA apply to habeas corpus petitions filed after that effective date. See Woodford v. Garceau, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed.2d 363 (2003); Barker v. Yukins, 199 F. 3d 867, 871 (6th Cir. 1999). Mr. Nelson's petition was filed after AEDPA's effective date.

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.' " Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 386, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)).  In advancing those goals, Section 2254(d) placed new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Williams, 529 U.S. at 412.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court outlined the proper application of § 2254(d) in Williams v. Taylor, supra. To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001) (quoting Williams v. Taylor, supra).   "[U]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of

6

the prisoner's case." Williams 120 S. Ct at 1523.  The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable.  Simpson v. Jones, 238 F. 3d 399, 405 (6th Cir. 2000).

When objections are received to a Magistrate Judge's R&R on a dispositive matter, the District Court "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b).  Upon review, the Court "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id; see also 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F. 2d 505, 509 (6th Cir. 1991).

### III.  Law and Argument

In reviewing a conviction for sufficiency of the evidence, this Court must determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979) (footnote omitted);  see also Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).  The Supreme Court has explained that "whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence." Id. at 323.  Thus, a petitioner "is entitled to habeas

7

corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

In making this determination, a court does "not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." United States v. Salgado, 250 F.3d 438, 446 (6th Cir. 2001) (internal quotation and citation omitted). Rather, a court views the probative evidence and the inferences drawn from it "in the light most favorable to the prosecution" and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

Further, a sufficiency of evidence claim requires the Court to apply the substantive elements of the criminal offense charged. Sanford v. Yukins, 288 F. 3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002). In this instance the Court must look to the Ohio law reflected in the Sixth Count of Mr. Pfeifer's Indictment, which charged him with engaging in a pattern of corrupt activity in his alleged drug dealings, in violation of O.R.C. 2923.32.

To grant habeas relief, this Court does not determine whether the state decision is erroneous or incorrect. Rather, the Court must determine whether the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine v. Coyle, 291 F. 3d 416, 422 (6th Cir. 2002).

> Ohio law finds a "pattern of corrupt activity" may occur where:
>
> two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.

O.R.C. § 2923.31(E).  The crime of engaging in a pattern of corrupt activity under Ohio R.C. § 2923.32(A)(1) is defined as follows: "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."  An enterprise is broadly defined as:

> any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity, or any organization, association or group of persons associated in fact although not a legal entity.

Ohio R.C. § 2923.31(C).  It is necessary to show that a defendant committed two or more predicate crimes before the acts amount to a pattern of corrupt activity, which must be related to the affairs of the same enterprise.  See Roe v. Franklin City, 109 Ohio App. 3d 772, 782 (Ohio App. 10 Dist.,1996).  Corrupt activity is defined in the statute as certain crimes prohibited by law including breaking and entering. Ohio R.C. § 2923.31(I)(2)(a). This crime has no mens rea requirement apart from that necessary for the underlying crimes.  See State v. Schlosser, 79 Ohio St.3d 329, 335, 681 N.E.2d 911 (Ohio 1997) (holding that "R.C. 2923.32(A)(1) imposes strict liability for commission of the prohibited acts.... As a strict liability offense, no culpable mental state is required."); Lemaster v. Ohio, 119 F. Supp.2d 754 (S.D. Ohio 2000) (The Ohio RICO statute does not require any specific intent to engage in an unlawful pattern of racketeering); see also Glavic v. Bobby, 2007 WL 1959213 (N.D. Ohio 2007).

9

Mr. Pfeifer maintains the state presented insufficient evidence to support the "enterprise" element of the charge of engaging in a pattern of corrupt activity in violation of O.R.C. 2923.31.  In his habeas petition, Mr. Pfeifer contends " no evidence was introduced at trial that would establish an agreement or overall objective to commit a series of offenses."  (Doc. 1).

Taken together, sufficient evidence of a pattern of corrupt activity will be adduced, if the state adduces evidence from which any rational trier of fact could find beyond a reasonable doubt that Mr. Pfeifer either by himself, or in concert with another, engaged in a pattern of activity consisting of two or more independent acts of marijuana trafficking, as defined in O.R.C. 2525.03(C)(3) and/or trafficking in cocaine, as defined in R.C. 2925.03(C)(4).

The Petitioner's trial elicited evidence from Mr. Pfeifer's activities, his remarks to Officer Rieke during the drug transactions, which were taped, and the controlled drug sales forming the basis of his instant trafficking convictions.  A review of the trial testimony indicates the jury heard the following:

- Kenny Nevaha, a confidential informant and known local drug dealer introduced Mr. Pfeifer to undercover Officer Edward Rieke resulting in a series of controlled buy drug transactions between Mr. Pfeifer and Officer Rieke, of marijuana on 17 January, 14 March, and 22 March 2002, and of cocaine on 15 April and 17 May 2002.  Tr. 81-107, 114-117.

- Officer Rieke wore a wire during each of these transactions verifying his conversations with Mr. Pfeifer.  Tr. 80-81.

- Mr. Pfeifer testified to knowing Mr. Nevaha for approximately eight years and engaged in drug transactions with him prior to Detective Rieke's introduction.  Tr. 181, 194-95, 208, 214.

• Petitioner testified that Mr. Nevaha called him to ask him to sell some cocaine to Officer Rieke and that Mr. Nevaha told the Petitioner he would "make it up to me later."  Tr. 194.

• Officer Rieke testified that on 17 May 2002 the Petitioner sold him approximately 7 grams of cocaine after the Officer met with Mr. Pfeifer at his home.  Tr. 104-109.

•  Petitioner testified that he and Mr. Nevaha dealt cocaine and marijuana between themselves, that Mr. Nevaha was his source for trafficking cocaine to Officer Rieke, and that Nevaha supplied the cocaine for the 15 April 2002 purchase and the 7 grams of cocaine purchased by Rieke from the Petitioner on May 17 2002.  Tr. 194-96.

• Officer Rieke testified that on 14 March 2002 Mr. Pfeifer sold him commercial marijuana which Petitioner told him he had obtained from another person who owed him money from a prior transaction.  The person associated with the prior transaction paid the Petitioner in commercial grade marijuana from "Mexico or someplace south of the border."  Tr. 87, 91.

• Officer Rieke testified that Mr. Pfeifer told him that he mostly grew and harvested his own marijuana and had done so for eight to ten years.  Tr. 98.

• Officer Rieke testified that on 17 May Petitioner gave him a tour of his new house and showed him the basement where he told the Officer he intended to set up his "marijuana grow."  Tr. 143.

• Officer Rieke testified that Mr. Pfeifer told him that sometimes he would "have eight or nine paychecks in his wallet.  He doesn't have to cash them."  Tr. 84.

• On cross examination Petitioner testified that he had not sold drugs to anyone but Officer Rieke.  Tr. 222.

• Officer Rieke testified that during the 14 March transaction, Mr. Pfeifer indicated to the Officer that he was between harvests of his marijuana crop.  Tr. 91.

• Officer Rieke testified that on his 22 March encounter with Mr. Pfeifer the Petitioner told him he had the marijuana harvested and dried but that it was about 14 miles away in the "Galion area."  Tr. 92.

• Officer Rieke testified that on 15 April the Petitioner sold him approximately 3 grams of cocaine because he was out of marijuana at the time and told the Officer that he could get him cocaine any time at $1,400 an ounce and, if the Officer wanted to buy more than one ounce at a time, the price would be $1,200

an ounce. Officer Rieke testified that Mr. Pfeifer told him that he might need some money up front for the cocaine purchases. Tr. 97.

• The jury heard Petitioner testify that he never made money on his drug deals, that he sold marijuana and took the money to buy cocaine for himself. Petitioner on cross examination testified that he did not know why he would have told Officer Rieke that he was mad at his wife for spending $1,000 of his drug money, a statement in evidence from the tapes made during each of Officer Rieke's drug buys from the Petitioner. Tr. 216-219, 221.

The state court record provides evidence sufficient to support a finding of guilt beyond a reasonable doubt that Mr. Pfeifer engaged in a pattern of corrupt activity in violation of O.R.C. 2923.32. See Jackson v. Virginia, 443 U.S. at 318. The jury heard testimony from Officer Rieke that Mr. Pfeifer sold him marijuana and cocaine on multiple occasions, that those transactions involved at least one other individual, Mr. Nevaha, that they involved the acquisition of "commercial" marijuana and cocaine, that the Petitioner's drug trafficking had been carried on for approximately eight years, and that the trafficking encompassed the possibility of future purchases of larger amounts of cocaine. The jury heard testimony from Mr. Pfeifer that he sold Officer Rieke marijuana and cocaine on multiple occasions, that the trafficking involved Mr. Nevaha as facilitator and conduit for the drugs, and that the Petitioner engaged in a course of drug trafficking with Mr. Nevaha over an extended period of time. Viewing the probative evidence and drawing reasonable inferences "in the light most favorable to the prosecution" the Court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

Courts recognize that, pursuant to Ohio statute, an "enterprise" may constitute a single individual, and a series of interconnected criminal actions may constitute ongoing

criminal activity. State v. Gregg, 2007 WL 779203 (Ohio App. 11 Dist., 2007), ¶29 (recognizing that by the plain terms of the statue the legislature defined "enterprise" broadly to "encompass even a single individual"). For instance, in Fasheun v. Morgan, 211 F.3d 1268, *6 (Table) (6th Cir. 2000), the Sixth Circuit Court of Appeals considered the elements of O.R.C. § 2923 in Petitioner's habeas claim of insufficiency of evidence to find that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Fasheun was convicted of theft by deception based on transactions with a retired couple who loaned him money. Mr. Fasheun acted alone in deceptively eliciting a series of transactions from this retired couple totaling $190,900. The Court found:

> The evidence upon which the convictions of theft by deception from the Woods was based is in and of itself sufficient to establish a pattern of corrupt activity under the RICO statute. . . . Fasheun's dealings with investors were not "isolated" events, as they all related to his alleged venture to obtain the release of $15.5 million from Central Bank in Nigeria. These solicitations do not constitute a single event, because the money Fasheun obtained was not a single loan. Rather, Fasheun obtained a series of loans on separate occasions by telling different stories as to why more money was needed. Such evidence supports the finding that Fasheun engaged in a pattern of corrupt activity under Ohio Rev. Code Ann. § 2923.32(A)(1).

Id. In the instant case, the evidence upon which the convictions for drug trafficking are based provides sufficient ground to establish a pattern of corrupt activity, of interconnected drug deals over the course of several months, with the promise of larger drug deals in the future.

In State v. Boyd, 2008 WL 726542 (Ohio App. 6 Dist.,2008), ¶¶ 36-39, the state appellate court found that evidence demonstrating the appellant was not selling cocaine alone, but with the assistance of another, proved sufficient to establish a "group of

13

persons" that functioned as a unit trafficking in cocaine pursuant to O.R.C. 2923.31(C). In reaching its decision, the state appellate court relied upon U.S. v. Turkette (1981), 452 U.S. 576, 583 (1981) (discussing "enterprise" under the Federal RICO statute), and State v. Mendenhall, 2005 WL 1662030 (Ohio App. 3 Dist., 2005), ¶¶ 11-18 (finding the Ohio statute requires "only that two or more persons are associated for the purpose of engaging in corrupt activities" in an instance where the appellant pled guilty to selling crack cocaine to a confidential informant on two separate occasions).

Based upon the evidence set forth above, considering it in the light most favorable to the prosecution, and allowing the trier of fact to resolve conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts, the Court concludes that a rational trier of fact could have found a pattern of corrupt activity under Ohio's RICO statute beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Accordingly, the Court finds that Mr. Pfeifer has not shown that the state appeals court's determination was contrary to, or that it unreasonably applied, clearly established federal law in this instance and will, therefore, deny ground one of the Petitioner's habeas claim.

### IV. Certificate of Appealability

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine

14

whether a certificate is warranted.  Id. at 467.  Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467.  Consequently, this Court examines the Petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Mr. Pfeifer's habeas claim was debatable or wrong.  Thus, the Court will deny Mr. Pfeifer a certificate of appealability.

Mr. Pfeifer presented two grounds for relief in his habeas petition.  Upon de novo review, pursuant to the Respondent's objections to the Magistrate Judge's R&R, this Court denied ground one of the petition finding the state appeals court's denial of relief was not an unreasonable application of clearly established federal law.

Upon review pursuant to the determination in Slack, this Court further concludes that Mr. Pfeifer has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  Accordingly, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Pfeifer's habeas claims.

## V. Conclusion

For the foregoing reasons, this Court adopts, in part, Magistrate McHargh's Report and Recommendation, as it pertains to Mr. Pfeifer's second ground for relief. Upon a de novo review, the Court denies Mr. Pfeifer's first ground for relief. Accordingly, Mr. Pfeifer's habeas petition, pursuant to 28 U.S.C. § 2254, is denied in its entirety without further proceedings.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE